UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CESAR ALTIERI SAYOC,
  a/k/a "Cesar Randazzo,"
  a/k/a "Cesar Altieri,"
  a/k/a "Cesar Altieri Randazzo,"

                Defendant.

18 Cr. 820 (JSR)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/18
```

JED S. RAKOFF, District Judge:

        WHEREAS, defendant CESAR ALTIERI SAYOC, a/k/a "Cesar Randazzo," a/k/a "Cesar Altieri," a/k/a "Cesar Altieri Randazzo," has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pretrial discovery;

        WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, the confidentiality of ongoing investigations, and the confidentiality interests of others;

        WHEREAS, the discovery materials that the Government intends to provide to the defendant contain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety, implicate national security concerns, impede ongoing investigations, and implicate the safety, privacy, and confidentiality interests of others;

        WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

        WHEREAS, the defendant, by his attorneys, Sarah Baumgartel and Amy Gallicchio, consents to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d):

1. Discovery materials designated as "Protected Materials" by the Government shall be used by the defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons may use the Protected Materials only in connection with this criminal action.

2. The Protected Materials and the information contained or disclosed therein:

   a. Shall be used by the defendant or his counsel only for purposes of this criminal action;

   b. Shall not be disclosed in any form or way by the defendant or his counsel to any third party except as set forth in paragraphs 2(c) and 3 below;

   c. May be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

      i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys;

      ii. independent expert witnesses, investigators, or advisors retained by the defendant in connection with this action; and

      iii. such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

   d. Shall be returned to the Government following the conclusion of this case.

3. Defense counsel may seek authorization of the Court—including on an *ex parte* basis, where appropriate—to show and when necessary provide certain specified Protected Materials to persons whose access to discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of this case.

4. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraphs 2(c) or 3. Designated Persons shall be subject to the terms of this Order.

5. Discovery materials designated as "Sensitive Materials" by the Government shall be subject to all of the protections and terms set forth in paragraphs 1 through 4. In addition, the defendant is precluded from possessing any Sensitive Materials (or any copies of such materials) in any jail facility, either before, during, or after trial, except that the defendant may review Sensitive Materials in the possession of defense counsel or other staff employed by the defense, when in the presence of defense counsel or other staff employed by the defense.

6. The Government shall designate all materials subject to this protective order in a manner indicating their status as Protected Materials and/or Sensitive Materials. The defendant reserves the right to oppose the Government's designation of specific materials as either Protected Materials or Sensitive Materials. If the defendant opposes the Government's designation of materials pursuant to this paragraph, the parties shall meet and confer in an effort to resolve the dispute. If the dispute is not resolved, the Government shall be required to show good cause as to why those specific materials must be designated as either Protected Materials or Sensitive Materials. The defendant shall treat the challenged materials as Protected Materials and/or

Sensitive Materials pending the Court's order regarding whether the Government has made the requisite showing of good cause with respect to those materials.

7. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter.

AGREED AND CONSENTED TO:

_____      11/15/18
Sarah Baumgartel     Date
Amy Gallicchio
Attorneys for the Defendant

SO ORDERED:

_____     11/15/18
THE HONORABLE JED S. RAKOFF     Date
United States District Judge
Southern District of New York