USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 4/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

CESAR ALTIERI SAYOC,

Defendant.

18-cr-820 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

This Court previously noted that it had received a letter from defendant Sayoc that purported to clarify statements he made during his guilty plea colloquy. The Court asked the parties to indicate in writing by April 9, 2019 whether they believed it necessary to take further action.

The Court is now in receipt of a second letter from defendant Sayoc, dated April 1, 2019, in which he states that he was under extreme stress at the time of his guilty plea and that certain answers he gave - relating mainly to his subjective understanding of the risks posed by his actions - were inaccurate. The Court still wishes to receive written submissions from the parties, addressing both this and the previous letter, and the deadline for those submissions is extended to April 12, 2019.

Additionally, the Court finds it necessary to hold an in-person hearing to address these issues. The parties are therefore directed to appear on April 15, 2019 at 2:00pm.

The Clerk of the Court is respectfully directed to docket defendant's letter along with this Order.

SO ORDERED.

Dated:   New York, NY

April 5, 2019

JED S. RAKOFF, U.S.D.J.

(1)

messaging — 04/01/2019

Your honor Jed S. Rakoff:

Cesar Altieri Sayoc Jr. 03/17/1962 on march 21, 2019 at 4:00 p.m. I appeared in front of yourself at a Plea Herring. Your Honor I was not in right State of mind. I was over whelmed, High anxiety, very nervious condition, I Froze causing myself to not respond Correctly.

As you could tell From my responses transcripts minutes 19 to 25 on page 20. I viewed the transcript, which is included & noted.

(19) The Court: Well what would prevent for example powder from fireworks from exploding?

The Correct Response:

I reviewed the transcript minutes I was freaked out over whelmed nervious with anxiety.

The devices would never explode or worked. The fireworks were sparklers type. I clearly did not Understand the question & can't believe my responses, as you can clearly see Your Honor minutes 19-25 Page 20

(2)

messageng (21)

The Defendant responded wrong:
Sir: I was aware of the risk.
The Defendant right response:
Sir: I was not aware of risk. The fireworks was a sparkler & not capable to explode.

(24)

The Defendant responded wrong to Question: I'm sorry. I was aware of the risk that it would explode. I clearly did not understand question. The answer should have been. I was not aware of. Risk. The fireworks was a sparkler & not capable of exploding. I am not a chemist or scientist. Your honor, Response to questions minutes Page 22 messaging 1 to 3 the answer statement is no. And page 20 messaging 24 & 25 Page 21 messaging 23-25.

Page 21 23-25

The Court: OK, Did You know there was a risk that would be injury to a persons?

PAGE 22 mess 1

The Defendant: Yes sir. The answer should be no. I was freaked out & over whelmed with the amount People, Press & Pressure overly intense high Anxiety. I was in tears, emotional, Nervious.

PAGE: 22 MESS. 1 The defendant: No

PAGE: 22 MESS: 2 The court: No.

PAGE: 22 MESS: 3 MS. GALLICCHIO: He said "YES".

my meaning is No SIR. I was Freaked out meaning not comprehending over whelming.

I Just recieved the Plea minutes today & reviewed it. 04/01/2019 at 5:00 p/m.

Your honor I have many mental Issues that came out overly emotional, Fobias, Freaked out, over whelmed bye crowds, high anxiety very nervuious disorders & Condition, Unacceptable pressure.

Also the paper I read Judge RAKOFF was written bye my attourney & Given to me the day of Plea at court in front of Your honor. I had no time to read or review the paper I read at court of WHAT IT meant.

Sincerely:

Cesar Altieri Sayoc Jr. CESAR ALTIERI SAYOC Jr

17781-104
MCC New York
150 PARK Row
New York, NY 10007

prove every essential element of each of these 65 counts beyond a reasonable doubt?

MR. BOVE: Yes, your Honor.

THE COURT: Does defense counsel know of any valid defense that would likely prevail at trial or any other reason why her client should not plead guilty?

MS. GALLICCHIO: No, your Honor.

I WAS SO nervious FREAKed OUT Broke down Cnied

THIS IS the paper my attorney wrote myself.

THE COURT: Mr. Sayoc, tell me in your own words what it is that you did that makes you guilty of these crimes.

THE DEFENDANT: In October 2018, I made device that were designed to look like pipe bombs and sent them through the U.S. mail. I sent a total 16 devices to people around the country. I mailed them from South Florida to George Soros, Hillary Clinton, John Brennan, Robert DeNiro, James Clapper, Barack Obama, Maxine Waters, Eric Holder, Joe Biden, Cory Booker, Kamala Harris, Thomas Steyer, and CNN.

I sent all of the 16 devices with the intent to threaten and intimidate people and with the intent to injure property.

The devices consisted of a plastic pipe with a digital alarm clock and wires attached to it. Inside the plastic pipe was powder from fireworks, fertilizer, pool shock and some glass fragments. I also put pictures of the recipients with a red 'X' over their faces inside the package.

THE COURT: All right. Is there anything else

regarding the factual portion of the allocution that the government wishes the Court to inquire about?

THE DEFENDANT: No, sir.

MR. BOVE: Couple of issues, judge.

First, with respect to Counts One through 16, the weapons of mass destruction offenses, we ask that the Court inquire whether the defendant intended the devices that he just described to be used as weapons which is a component of a definition of "destructive device" which folds up into the definition of "WMD". That's the first request we question.

THE COURT: OK. You heard the government's question?

MS. BAUMGARTEL: Your Honor, if I may briefly? I believe that the allocution we've submitted had addressed had in the sense that he described that they were designed and intended to look like pipe bombs and then described the components that were --

THE COURT: Do you have a copy of what he was just reading from?

MS. BAUMGARTEL: Yes.

THE COURT: Would you hand it up?

(Pause)

THE COURT: So, Counts One through 16 charge him with knowingly using, attempting to use or threatening to use a destructive device as defined in Title 18 U.S.C. 921, specifically, improvised, explosive devices sent through the

U.S. mail.

Now, the defendant just said in the first sentence of his statement:

"In October 2018, I made devices that were designed to look like pipe bombs and sent them through the U.S. mail".

So, is the question whether these were in fact devices that could have exploded?

MR. BOVE: So there are two parts to the definition of destructive device that your Honor cited in Section 921. The first is capable of exploding. And I think that the defendant's allocution has covered that in that he described packing explosive powder into the pipe which in turn was capable of exploding.

There's a second component of the destructive device definition and I'm reading now:

"The term "destructive device" shall not include any device that is neither designed, nor redesigned for use as a weapon".

And I do think there's some delta between designing something to look like a weapon which is my understanding of what the allocution has reached so far and the statutory definition of "design or use as a weapon". And it's a distinction that I think bears very much on the defendant's intent.

MS. BAUMGARTEL: Your Honor, in order to meet the

elements of the statute Mr. Sayoc simply has to have threatened to use a destructive device. Whether or not that item was actually a destructive device, is not an element. So, for example, there is pretty clear --

THE COURT: Well, no -- Forgive me for interrupting. He said the following in the later part of his allocution:

The devices consisted of a plastic pipe with a digital alarm clock and wires attached to it. Inside the plastic pipe was powder from fireworks, fertilizer, pool shock and some glass fragments.

I also put pictures of the recipients with the red 'X's over their faces inside the package.

Let's start first, Mr. Sayoc. You clearly intended that these would be use viewed as explosive devices, yes?

THE DEFENDANT: Yes, just viewed.

THE COURT: All right. Did you intend that they would in fact explode?

THE DEFENDANT: No, sir.

~~THE COURT: Well, what would prevent, for example, the~~ powder from fireworks from exploding?

THE FIREWORKS WAS SPARKLERS NOT ABLE TO EXPLODE

I DID NOT COMPREHEND QUESTION NERVOUS

THE DEFENDANT: Sir, I was aware of the risk.

SIR I WAS NOT AWARE OF RISK

THE COURT: I'm sorry. You've got to speak a little louder, sir.

THE DEFENDANT: I'm sorry. I was aware of the risk that it would explode.

SIR I WAS NOT AWARE OF RISK, THEY ARE SPARKLER FIREWORKS NOT EXPLOSIVE, I AM NOT A CHEMIST & HAD KNOWLEDGE THEY WOULD EVER EXPLODE

I DID NOT UNDERSTAND THE QUESTION

THE COURT: Well, let me ask the government, is there another question in this regard that you want to put to the defendant?

MR. BOVE: No, your Honor. I think that the defendant's admission just now that he was aware that they were capable of exploding.

THE COURT: OK. Very good.

MR. BOVE: There's a second issue, judge.

THE COURT: Go ahead.

MR. BOVE: And this bears on the intent element with respect to Counts 17 through 32, interstate transportation of explosives, as well as the Counts 49 through 64, illegal mailing of explosives. And we ask that the Court inquire of the defendant whether he intended that these mailings would be used to kill or injure another?

MS. BAUMGARTEL: Your Honor, the element included injure property, which he said.

THE COURT: So sounds to me like I'm already hearing the arguments I am going to hear at sentence.

So, you did intend that there would be potential injury to property, yes?

THE DEFENDANT: Yes, sir.

THE COURT: OK. Did you know there was a risk that there would be injury to persons?

I'm sorry?

THE DEFENDANT: Yes, sir.

THE COURT: No?

MS. GALLICCHIO: He said "yes".

THE COURT: I'm sorry. You need to speak a little louder. I'm an old man. I barely can hear what my children say, let alone what you say.

So, I think that's sufficient, yes?

MR. BOVE: Yes judge. Thank you.

THE COURT: Anything else from the government?

MR. BOVE: No, your Honor. Thank you.

THE COURT: Anything else on any aspect of the allocution from either the government or the defense?

MS. GALLICCHIO: No, your Honor, not from us.

MR. BOVE: No, your Honor. Thank you.

THE COURT: You mentioned each of the individuals and to move this along I'll just repeat what your statement was in that regard.

I sent a total of 16 devices to people around the country. I mailed them from South Florida to George Soros, Hillary Clinton John Brennan, Robert DeNiro, James Clapper, Barack Obama, Maxine Waters, Eric Holder, Joe Biden, Cory Booker, Kamala Harris, Thomas Steyer, and CNN.

I think under those circumstances we don't need to go count by count, but I think we do need to go by group.

So first, with respect to the first 16 counts which

From: Cesar Altieri Sayoc Jr.
17781-104
MCC New York
150 Park Row
New York, N.Y. 10007
Legal Mail
To: Judge Jed S. Rakoff
U.S. Court House
500 Pearl Street
New York, N.Y. 10007
1312
03 APR 2019
04/03
USA FOREVER