UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

    -against-

CESAR ALTIERI SAYOC,

    Defendant.

------------------------------------

18-cr-820 (JSR)

MEMORANDUM

JED S. RAKOFF, U.S.D.J.

The Court has received a letter from a member of the press (which will be docketed along with this Memorandum) asking that the Court make public the FBI ballistics report referenced in defendant Sayoc's letter dated March 29, 2019 and docketed April 29, 2019. See ECF No. 29.

The Court has not received the ballistics report. When it does, it will take up this request.

Dated:    New York, NY

          May 2, 2019

                                      JED S. RAKOFF, U.S.D.J.

FROM:
Andrew Denney
New York Post
Room 480
United States Courthouse
500 Pearl Street
New York, New York 10007


TO:
Hon. Jed Rakoff, U.S. District Court judge
Southern District of New York
Room 1340
United States Courthouse
500 Pearl Street
New York, New York 10007


April 29, 2019


IN RE: U.S. v. Cesar Altieri Sayoc, 18-cr-00820-JSR

Judge Rakoff,

I write to respectfully request that, if the court is in possession of the Federal Bureau of Investigation's ballistics report regarding the 16 improvised explosive devices that Cesar Sayoc pleaded guilty to sending to 11 targets, to make the report public.

As the court may recall, the government confirmed the existence of the report at an April 15, 2019 conference in Mr. Sayoc's case. Additionally, Mr. Sayoc has submitted a letter to Your Honor, posted to the public docket on April 29, in which he apparently cites statements from the report.

I realize that the FBI's report may contain certain information that is neither appropriate nor necessary to further the public's understanding of the case, such as specific details as to the materials used in the explosive devices that haven't already been discussed in open court proceedings or how the devices were constructed.

However, I would argue that if there are broader conclusions contained within the report (i.e. if the devices, as they were delivered to Mr. Sayoc's targets, had the actual ability to detonate) they would broad public interest in the months leading up to the sentencing, given the notoriety

of Mr. Sayoc's targets, the context and timeframe in which they were sent and the fact that Mr. Sayoc sent the devices to addresses in densely-populated urban areas.

Thank you for your attention to this matter,

Andrew Denney
Manhattan federal courts reporter, New York Post