UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    -against-<br>CESAR ALTIERI SAYOC,<br>        Defendant. | 18-cr-820<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

    This is the latest motion for compassionate release brought by Cesar Sayoc -- who is currently serving a 20-year sentence for sending pipe bombs to thirteen prominent political figures. See ECF Nos. 52, 53 (orders denying prior motions). Mr. Sayoc identifies personal circumstances that he argues constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A), including his own age and health, the conditions of his confinement, and his efforts at rehabilitation. See ECF No. 54 at 1-5, 8. The Court concludes that Mr. Sayoc has not identified extraordinary and compelling reasons warranting a reduction of his sentence. In addition, the Court also finds that the factors outlined in 18 U.S.C. § 3553(a) do not support a sentence reduction.

    But the Court must first consider the Government's threshold argument that Mr. Sayoc failed to exhaust his administrative remedies. As the Government accurately observes, section 3582(c)(1)(A) provides that a defendant may seek compassionate release only after he "has fully exhausted all administrative

1

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, the Government argues that the current grounds for release that are outlined in the defendant's motion, see generally ECF No. 54, differ from the grounds identified in his request submitted to the warden of his facility, see Ex. A to ECF No. 55. To be sure, Mr. Sayoc's initial request appears to focus on his purported "[d]ebilitated" medical condition, see Ex. A to ECF No. 55, while the instant motion extends more broadly, addressing the conditions of his confinement as well as his efforts at rehabilitation, see ECF No. 54. Still, the record reflects that Mr. Sayoc alerted the warden of his facility to the general contours of his motion and repeatedly followed up with the warden in an apparent effort to hasten this Court's review. See Ex. E to ECF No. 54. On this record, the Court concludes that Mr. Sayoc has satisfied the administrative-exhaustion requirement.

On the merits, however, Mr. Sayoc has failed to demonstrate that extraordinary and compelling reasons warrant reducing his sentence. He first argues that he is entitled to a sentence reduction based on his age and health issues. Specifically, he points out that he is 62 years old and that he is "overweight," "suffers from sleep apnea," and previously discovered a "growth on

his kidney" after suffering from "an inflamed gallbladder" in 2022. ECF No. 54 at 1, 4. But Mr. Sayoc has not shown that his facility has failed to treat his conditions. To the contrary, the record reflects that in May 2024, Mr. Sayoc "was issued a CPAP machine" to treat his sleep apnea, see Ex. B to ECF No. 55 at 1, and that in July 2022, a physician concluded that "[n]o follow-up" was needed on his kidney, see Ex. D to ECF No. 54 at 33. At this time, the Court finds neither a medical issue nor a failure to treat by the BOP that rises to the level of "extraordinary and compelling." See U.S.S.G. §§ 1B1.13(b)(1)-(2).

Mr. Sayoc next argues that he is entitled to a sentence reduction based on his conditions of confinement. He points out that "[h]is family . . . live[s] in Florida," but "the BOP has refused to move him there." ECF No. 54 at 2. Moreover, he invokes the difficult conditions he experienced while "in prison throughout the COVID-19 pandemic," and cites several articles to support the contention that his "conditions of incarceration remain deplorable." Id. at 2-3; see also ECF No. 56 at 1-2. However, Mr. Sayoc does not point the Court to any authority that suggests that a prisoner's distance from family, while a regrettable but common incident of incarceration, rises to the level of an extraordinary and compelling circumstance justifying a reduced sentence. Moreover, the distance that Mr. Sayoc currently experiences -- from North Carolina to Florida -- does not strike

3

the Court as uniquely burdensome.[1] Further, as this Court has explained in a previous order, "federal courts have 'no authority to order that a convicted defendant be confined in a particular facility' or order his transfer because 'those decisions are within the sole discretion of the Bureau of Prisons.'" ECF No. 52 at 1 (quoting United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995)).

Turning to Mr. Sayoc's argument about COVID-19 and the current conditions of his facility, the Court concludes that he has failed to sufficiently tie the assertions in his brief to his own experience in prison. For example, he explains that "federal prisons had repeated and often uncontained outbreaks of [COVID-19], usually managing these outbreaks poorly," and notes that "[t]hose who endured COVID in prison grappled with fear of contracting this disease; the inability to protect themselves from it; limited treatment when they were sick; and extended periods of harsh, isolating, and fundamentally inhumane conditions, including total lockdowns and suspension of all programming." ECF No. 54 at 3. While these conditions were distressing, Mr. Sayoc altogether fails to explain how the COVID-19 pandemic affected him

---

[1] Since the parties completed briefing of the instant motion, Mr. Sayoc, according to the BOP's online Inmate Locator, has been moved to FCI Coleman Low, a facility located in Florida. The Court is also in receipt of a letter from Mr. Sayoc indicating that he has been relocated to FCI Coleman Low.

4

personally and, even assuming he endured many of these conditions during the pandemic, why this past experience constitutes an extraordinary and compelling reason today, nearly two years after the COVID-19 public health emergency ended in May 2023.

Likewise, Mr. Sayoc fails to explain how news articles about other inmates' experiences at his past and current facilities, see, e.g., ECF No. 56 at 2 n. 3, n.4 & n.5, should lead the Court to find an extraordinary and compelling reason that warrants altering his sentence. Indeed, Mr. Sayoc's argument sweeps beyond the realm of "extraordinary" and "compelling" -- his complaints relate to general conditions, experienced by all inmates at his facility. An experience shared by his fellow inmates that poses no unique burden to Mr. Sayoc himself does not provide a ground for this Court to grant compassionate release.[2] See United States v. Santana, No. 12-cr-790, 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023) ("[G]eneralized statements about prison conditions untethered to compelling specifics of the defendant's particular

---

[2] Similarly, in a subsequent letter submitted by Mr. Sayoc, he identifies conditions in his new facility that he argues constitute extraordinary and compelling circumstances, including, among others, black mold, inmate cubicles of 80 square feet, second-hand smoke, and illicit drug trade. Putting aside that Mr. Sayoc submitted the letter while being represented by counsel for purposes of the instant motion, as well as the lack of evidence supporting his assertions, he again has not identified how these conditions -- assuming they are true -- should lead the Court to adjust his sentence.

circumstances do not make the defendant's conditions 'extraordinary and compelling.'").³

Last, Mr. Sayoc's description of his own "rehabilitation" is insufficient to warrant relief. "The only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)); see also United States v. Halliburton, No. 20-cr-499, 2024 WL 3014179, at *1 (S.D.N.Y. June 13, 2024) ("[T]he statutory language expressly provides that rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Of course, the Court is pleased to learn that Mr. Sayoc has participated in rehabilitative programs, but his commendable efforts do not constitute an independent ground for reducing his sentence.

Finally, even if, contrary to fact, Mr. Sayoc had presented extraordinary and compelling circumstances, he would still not qualify for a sentence reduction, because the 18 U.S.C. § 3553(a) factors strongly weigh against reducing his sentence. As the Court observed at sentencing, "[t]he nature and circumstances of the instant offenses are, by any measure, horrendous." United States

---

³ Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

v. Sayoc, 388 F. Supp. 3d 300, 302 (S.D.N.Y. 2019). At the time, the Court rejected Mr. Sayoc's request for a sentence of "ten years and one month," explaining that "the crimes were far too horrible to warrant such a relatively lenient punishment." Id. at 304. Mr. Sayoc has not yet completed even that portion of his 20-year term of imprisonment. In fact, after announcing Mr. Sayoc's sentence of 20 years' imprisonment, the Court observed that "it is no more, and no less, than he deserves." Id. Today, the Court sees no reason to revisit that conclusion.

For the above-stated reasons, Mr. Sayoc's motion for a sentence reduction is hereby denied.

SO ORDERED.

New York, NY
March 26, 2025

_____
JED S. RAKOFF, U.S.D.J.